No. 56,811

Dewey Barr and Valerie Barr, Husband and Wife, *Plaintiffs-Appellants*, v. Terminix International, Inc., A Foreign Corporation, *Defendant-Appellee.*

(697 P.2d 1276)

Opinion filed April 5, 1985.

*Steven Hornbaker,* of Harper & Hornbaker, Chartered, of Junction City, argued the cause and was on the brief for appellants.

*D. Lee McMaster,* of McMaster & McMaster, of Wichita, argued the cause, and *M. Duane Coyle,* of the same firm, was with him on the brief for appellee.

*Ralph E. Skoog,* of Topeka, was on the *amicus curiae* brief for Kansas Trial Lawyers Association.

*Edward L. Keeley,* of Crockett & Gripp, of Wichita, was on the *amicus curiae* brief for Kansas Agricultural Aviation Association.

The opinion of the court was delivered by

Prager, J.: This is an action to recover damages resulting from alleged negligence in the application of a chemical pesticide by the defendant-appellee, Terminix International, Inc., a Kansas licensed and registered "applicator" engaged in the business of applying pesticides to the property of others. The plaintiffs-appellants are Dewey Barr and Valerie Barr, husband and wife, who claimed that they were injured through the negligence and wanton misconduct of the defendant in spraying their residence.

The facts in the case are undisputed and essentially are as follows: In the summer of 1981, plaintiffs were engaged in the business of breeding, raising, showing, and the commercial

selling of purebred Persian cats. The "cattery" operated and maintained by plaintiffs was located in the basement of plaintiffs' residential dwelling located in Saline County. In June of 1981, the plaintiffs contracted with the defendant to rid their residence, including the basement, of certain specified insects, among which was the flea. Thereafter, defendant, through its agents and representatives, treated the plaintiffs' premises on a regular basis until about August, 1982, when the service was terminated by plaintiffs. The plaintiffs contend that defendant negligently and wantonly utilized and sprayed with chemicals not authorized to be used for the purposes intended by plaintiffs; that defendant negligently oversprayed chemicals; that defendant negligently and wantonly caused or permitted chemicals to be sprayed directly on plaintiffs' cats, and in the cages, cat food and water dishes, as a result of which over 100 cats and kittens died or were caused to be aborted. Defendant denied that it acted negligently in any one or more of the respects alleged by plaintiffs.

After discovery was completed, defendant filed a motion for summary judgment on the basis that the plaintiffs had failed to comply with K.S.A. 2-2457, which provides as follows:

"2-2457. **Action for damages; filing of statement; limitations.** In order to maintain a civil action, a person damaged from pesticide application shall have filed with the county attorney of the county in which the damage occurred, a written statement, on a form prescribed by the secretary, claiming that he or she has been damaged. Such form shall be filed within sixty (60) days after the date damage was discovered. Such statement shall contain, but shall not be limited to, the name of the person responsible for the application of said pesticide and/or the name of the owner or lessee of the land on which it is alleged that the damage occurred. The secretary shall prepare a form to be furnished to persons for use in such cases and such forms shall contain such other requirements as the secretary may deem proper. A duplicate copy of this statement shall be sent by the county attorney to the secretary. The county attorney, upon receipt of such statement shall notify the licensee and the owner or lessee of the land or other person who may be charged with the responsibility and furnish copies of such statements as may be requested. Nothing contained in the provisions of this section shall be deemed to require any county attorney to maintain a civil action for any person."

It is undisputed that plaintiffs failed to file the claim form within sixty days after they discovered the claimed damage. There is no contention by the defendant that plaintiffs failed to comply otherwise with the two-year statute of limitation applicable to negligence actions. Certain documents contained in the

stipulated record show that on September 23, 1982, the plaintiffs and their attorney sent a letter to the defendant claiming damages from the spraying. This demand letter was sent to defendant about sixty days after the time the plaintiffs found out from some veterinary professionals that the spraying by the defendant had caused the illness and death of their cats and kittens. The district court sustained the defendant's motion for summary judgment on the basis that plaintiffs had failed to comply with K.S.A. 2-2457. Plaintiffs then appealed and the appeal was assigned to the Supreme Court.

On the appeal, the plaintiffs contend that K.S.A. 2-2457 is unconstitutional as a violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and the Kansas Bill of Rights. These identical constitutional issues were raised in a case on appeal which was presented to the court during the same week this case was presented. The other case is *Ernest v. Faler*, 237 Kan. 125, 697 P.2d 870 (1985). *Ernest* involved an action by a landowner to recover damages resulting from alleged negligence in the application of a pesticide by an aerial sprayer who, under contract with another landowner, sprayed a pesticide on real property adjacent to the real property of the plaintiff, Ernest. In his petition, Ernest alleged that some spray drifted over to plaintiff's property and caused damage to growing walnut trees. In *Ernest*, this court held that K.S.A. 2-2457, which requires a person damaged from a pesticide application to file a written statement with the county attorney within sixty days after the date the damage was discovered in order to maintain a civil action to recover damages, is unconstitutional as a violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and the Kansas Bill of Rights. We consider our opinion in *Ernest* as controlling the constitutional issues raised in this case. The law is clear that a corporation which is engaged in business as a pesticide applicator is liable to a customer for the negligence of its employees if they fail to take reasonable precautions and cause injury to the customer's person or property. *Binder v. Perkins*, 213 Kan. 365, 516 P.2d 1012 (1973). Based upon *Ernest v. Faler*, we hold that the trial court in this case erred in granting summary judgment in favor of the defendant, Terminix International, Inc., on the basis

that plaintiffs' cause of action was barred by their failure to file the statutory notice to the county attorney as provided by K.S.A. 2-2457.

The judgment is reversed. The case is remanded to the district court with directions to proceed to consider the merits of plaintiffs' cause of action.